**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| HOOK N BOOK AUTO TRANSPORT, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.:  7:25-CV-00093 (WLS) |
| | : | |
| LOVES TRAVEL STOPS & COUNTRY STORES, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

On July 16, 2026, the Court was made aware of communications from the Plaintiff in this case via the Clerk. Therein, Christopher and Maria Lagajino, the Managing Members of Plaintiff Hook N Book Auto Transport, LLC seek to extend the stay of this case, which is set to expire today, July 17, 2026. Previously, the Court granted Plaintiff's former-counsel's motion to withdraw from representation. (Doc. 41). In doing so, the Court noted that Plaintiff, a limited liability company, may not proceed *pro se* in this matter, and therefore stayed the case for thirty days, or through July 17, 2026, to allow Plaintiff time to retain new counsel. Plaintiff, through its managing members, now seeks to extend the stay, explaining that additional time is needed to retain new counsel.

At the outset, the Court notes once more that Plaintiff may not proceed *pro se* in this matter. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (noting that corporations, partnerships, associations, and artificial entities may only appear in federal courts through a licensed attorney); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (holding that artificial entities cannot appear *pro se* and must be represented by counsel). Relatedly, the motion Plaintiff's managing members have submitted to the Clerk is not appropriate and may not be filed as an official part of the Record in this case. The Court, however, in the exercise of its discretion, considers the averments made in the submission in accommodating Plaintiff's need to retain new counsel.

1

Accordingly, the Court *sua sponte* extends the stay in this case for an additional thirty (30) days, or through **Monday, August 16, 2026,** to allow Plaintiff to obtain new counsel. If and when new counsel makes an appearance on the Record, the Court will consider any extensions that may be necessary to afford such counsel an opportunity to review and familiarize themselves with the case.

Further, the Court cannot allow this case to proceed with an unrepresented limited liability company as a party. Plaintiff is warned that, in the event it cannot secure new counsel by the deadline set forth in this Order, its Amended Complaint (Doc. 22) may be dismissed without prejudice without further notice or order of the Court.

Additionally, the Clerk is **DIRECTED** to file the July 16, 2026 submission from Plaintiff's managing members on the Docket only as information reviewed by the Court in the exercise of its discretion to afford Plaintiff additional time to obtain counsel. The Court reiterates that the submission is not being made part of the official Record in this case but is instead included on the Docket for the sake of transparency.

**SO ORDERED**, this 17th day of July 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2