**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| HOOK N BOOK AUTO TRANSPORT, LLC, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 7:25-CV-00093 (WLS) |
| LOVES TRAVEL STOPS & COUNTRY STORES, LLC, | : | |
| Defendant. | : | |

**ORDER**

On August 12, 2026, the Court was notified of communications from Christopher and Maria Lagajino, the Managing Members of Plaintiff Hook N Book Auto Transport, LLC, to the Clerk of the Court. Therein, the Lagajinos again seek to extend the stay of this case, which is set to expire Monday, August 17, 2026.

The Court has previously granted Hook N Book's former counsel's motion to withdraw from representation. (Doc. 41.) In granting that motion, the Court noted that Hook N Book, a limited liability company, may not proceed in this matter unless it is represented by a licensed attorney, and thus stayed the action for thirty days to allow Hook N Book to retain new counsel. (*Id.* at 2.)

When the original stay expired on July 17, 2026, the Court was made aware of communications from Hook N Book's managing members in which they sought to extend the stay to allow further time to retain counsel. (*See* Doc. 44.) In the order of July 17, 2026, the Court noted that the Lagajinos' submission to the Clerk was inappropriate and could not be filed as an official part of the record in this action. (Doc. 43 at 1.) The Court further noted that, in the exercise of its discretion, it considered the averments made in the submission to accommodate Hook N Book's need to retain new counsel. (*Id.*) The Court therefore extended the stay in this matter an additional thirty days to August 17, 2026, to allow Plaintiff to obtain new counsel. (*Id.* at 2.)

The stay's expiration is approaching, and the Lagajinos have again communicated Hook N Book's need to extend the stay so that they can retain counsel and note that they have formally accepted Defendant's settlement offer. The Court again warns that such communications are improper because the Lagajinos are not parties to this action, and because only a licensed attorney may represent an artificial entity before this Court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (noting that corporations, partnerships, associations, and artificial entities may only appear in federal courts through a licensed attorney); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (holding that artificial entities cannot appear *pro se* and must be represented by counsel). In the exercise of its discretion, however, the Court considers the averments made in the communication to accommodate Hook N Book's need to retain new counsel.

Accordingly, the Court, *sua sponte*, extends the stay in this case for an additional sixty days through **Friday, October 16, 2026**, to allow Hook N Book to obtain new counsel.

Further, the Court cannot allow this case to proceed with an unrepresented limited liability company as a party. Hook N Book is warned that, in the event it cannot secure new counsel by the deadline set forth in this Order, its Amended Complaint (Doc. 22) may be dismissed without prejudice without further notice or order of the Court. While it is improper for Hook N Book to proceed without counsel, it is similarly improper for Defendant to intentionally and needlessly delay proceedings or fail to communicate with Hook N Book, and Defendants are advised against doing so.

Additionally, the Clerk is **DIRECTED** to file the communication of August 12, 2026, from Plaintiff's managing members on the Docket only as information reviewed by the Court in the exercise of its discretion. The Court reiterates that the submission is not being made part of the official Record in this case but is instead included on the Docket for the sake of transparency and review.

**SO ORDERED**, this 17th day of August 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**